IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DENISE L. BROOKS,

    Plaintiff,

  v.

NAVIENT, et al.,

    Defendants.

CIVIL ACTION FILE

NO. 1:16-CV-04287-TWT-WEJ

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court for a frivolity review pursuant to 28 U.S.C. § 1915(a).  For the reasons set forth below, the undersigned reports that the Complaint, alleging violations of various consumer protection statutes, is frivolous.  Therefore, the undersigned **RECOMMENDS** that this case be **DISMISSED**.

## I.   BACKGROUND

On December 5, 2016, the Court granted plaintiff's request to proceed in forma pauperis and directed her to file an amended Complaint within thirty days setting forth allegations sufficient for the Court to conduct the frivolity review required by § 1915(e)(2).  (Order of Dec. 5, 2016 [2].)  On December 15, 2016,

plaintiff filed a Response [4] to that Order.  Upon review of plaintiff's Complaint

and Response, the undersigned recommends that this case be dismissed because it

is frivolous and Ms. Brooks fails to state a valid claim.

## II.   <u>STANDARD FOR FRIVOLITY REVIEW</u>

"[A]ny court of the United States may authorize the commencement . . . of

any suit . . . without prepayment of fees or security therefor, by a person who

submits an affidavit [averring] . . . that the person is unable to pay such fees or

give security therefore."   28 U.S.C. § 1915(a)(1).   Pursuant to 28 U.S.C. §

1915(e)(2), however, a federal court is required to dismiss an <u>in forma pauperis</u>

complaint if, at any time, the court determines that the action (1) is frivolous or

malicious; (2) fails to state a claim on which relief can be granted, or (3) seeks

monetary relief against a defendant who is immune from such relief.

A complaint is deemed frivolous if the Court finds that it lacks arguable

basis in law or fact.  <u>Nietzke v. Williams</u>, 490 U.S. 319, 325 (1989).  "[T]he

Court will first examine the Plaintiff's Complaint, in its entirety, to determine

whether an action should proceed based on the validity of the claim." <u>Monacelli</u>

<u>v. Florida</u>, No. 2:08-cv-397-FtM-99SPC, 2008 WL 4165486, at *2 (M.D. Fla.

Sept. 5, 2008) (citing <u>Trawinski v. United Techs.</u>, 313 F.3d 1295 (11th Cir.

2002)). Additionally, the Court "considers that the Plaintiff is proceeding <u>pro se</u>

and therefore, reviews the Complaint [] with a less stringent standard than those

Complaints written by attorneys." Id.  Although Federal Rule of Civil Procedure

8(a)(2) only requires that a complaint contain "a short and plain statement of the

claim showing that the pleader is entitled to relief," "a formulaic recitation of the

elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S.

544, 555 (2007).  The claim must include well-pled factual allegations, which if

true, "plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S.

662, 664 (2009).  Moreover, "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions." Id. at

678.

## III.   DISCUSSION

Plaintiff purports to bring causes of action for violations of the Fair Credit

Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), the

Gramm-Leach-Bliley Act ("GLBA"), and both a tort and a constitutional claim

for invasion of privacy.   In her Response, plaintiff attempts to clarify the

allegations contained in the Complaint as follows:

> The first violation was violation of the Fair Credit Reporting Act. 5
> U.S.C. § 1681, all of the Defendants violated this Act. The second
> violation was of the Fair Debt Collection Practices Act, (FDCPA) 15
> U.S.C. §1692c(b), It is not with my consent or a Court of Competent
> Jurisdiction's consent that this information can be communicated in

3

the public pursuant to §805 15USC1692c(b) NAVIENT, ECME, AES, PHEAA, AND SALLIE MAE violated this act especially §809 15USC§1692g(b) where none of these DEBT COLLECTORS were a Lender for the Plaintiff.  They also violated §807 15USC§1692e(l), (4), (6), (8), (12), and (13). The Above DEBT COLLECTORS have also violated the Gramm Leach Bliley Act, and they have violated the Identity Theft Act pursuant to 16CFR603.2 which is criminal . . . The third violation involved the Gramm Leach Bliley Act, each and every Defendant is guilty of this violation. The fourth violation was the Identity Theft violation 16CFR603.2 which was done by all of the Defendants.

(Resp. 1-3.)  Plaintiff also includes several pages describing "an [e]xecutive order against Invasive Species."  (Id. at 4-6.)  The remainder of the Response contains recitations of various consumer protection statutes and plaintiff's statements that she is attempting to enforce consumer protection laws. (Id. at 6-9.)  Plaintiff also includes a sworn statement repeating these conculsory allegations, the executive order against invasive species, and several pages describing martial law. (Id. Ex. A, at 1-9.)  She appears to contend that she does not need to replead the Complaint, and states that:

I am tired of so called Courts telling the Consumer that she has to do this and that.  The only thing the Consumer wanted to do was to file her claim and be paid what she has asked for.  I do not know what is going on with all of these Biased opinions . . . I received correspondence stating that I have to amend and resubmit.  The only thing I need to have this United States District Court do is follow directions. . . . it seems that The Consumer is blocked by the Court thinking she is filing a Complaint when she is filing a claim to get her funds . . .

4

(<u>Id.</u> Ex. A, at 1-2.)

Ms. Brooks is incorrect to the extent that she contends that her bare allegations of wrongoing, standing alone, are sufficient to state a claim under any of the causes of action she purports to bring.  Plaintiff alleges no facts in support of her claims.  She did not heed the Court's warning in the earlier Order, which advised her "that she may not rely on conclusory allegations of wrongdoing, and that she must allege facts specific to each of the named defendants" (Order of Dec. 5, 2016, at 6), because she does not identify particular violations of her right to privacy, sections of consumer protection statute that she alleges each defendant violated, the amount or type of debts allegedly at issue, or to which defendant a debt was owed.  Moreover, plaintiff's references to invasive species and martial law are irrelevant to her consumer protection and privacy claims.  Thus, plaintiff's Response and Complaint fail to present more than "labels and conclusions" to satisfy the "obligation to provide the grounds of [plaintiff's] entitlement to relief."  <u>Mills v. Foremost Ins. Co.</u>, 511 F.3d 1300, 1303 (11th Cir. 2008).  Accordingly, the Complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

## IV.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Complaint [3] be **DISMISSED WITHOUT PREJUDICE** as frivolous and failing to state a viable claim.  See 28 U.S.C. § 1915(e)(2) (requiring federal courts to dismiss IFP complaints determined to be frivolous, malicious, or that fail to state a claim.)

**SO RECOMMENDED**, this 20th day of December, 2016.


_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE